UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
KENNETH ASHE,                      :
                                   :
         Petitioner,               :   Civ. No. 16-4348 (NLH)
                                   :
    v.                             :   OPINION
                                   :
WARDEN DAVID ORTIZ,                :
                                   :
         Respondent.               :
_____:

APPEARANCES:
Kenneth Ashe
#27977-058
c/o Jean Carter
3667 Skyland Drive
Sylva, NC 28779
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Kenneth Ashe, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey at the time of filing, submitted a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) Because he failed to submit the filing fee or an in forma pauperis application, the Court initially administratively terminated this matter. (ECF Nos. 2, 3.) Petitioner thereafter submit the filing fee.

At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule

1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.

**I. BACKGROUND**

On December 11, 2012, Petitioner and several others were arrested for their participation in a narcotics-trafficking operation led by Petitioner's nephew. (U.S. v. Ashe, Crim. Action No. 12-33 (W.D.N.C. 2012).) On March 19, 2013, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute crack cocaine. (Id.) The court sentenced Petitioner to 87 months of imprisonment. (Id.) On September 9, 2014, the Fourth Circuit affirmed Petitioner's conviction. See United States v. Ashe, 583 F. App'x 155, 155 (4th Cir. 2014). Petitioner thereafter filed a § 2255 petition, alleging claims of ineffective assistance of counsel, which was denied by the sentencing court. Ashe v. United States, No. 12-33, 2015 WL 5430847 (W.D.N.C. Sept. 15, 2015). The Fourth Circuit declined to issue a certificate of appealability. Ashe v. United States, 634 F. App'x 397 (4th Cir. 2016).

Petitioner then filed the instant § 2241 Petition. (ECF No. 1.) He relies on "United States v. Baptiste" and claims that his attorneys: did not file certain evidence in his appeal; did not raise certain claims in his appeal; tampered with evidence; and refused to withdraw from his case. (Id.)

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke

v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete

4

miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, he is simply re-raising the ineffective assistance of counsel

claims which were already considered and rejected by the sentencing court in his § 2255 petition. However, this does not bring his Petition within the Dorsainvil exception because "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ." See Cradle, 290 F.3d at 539; Drabovskiy v. Warden of FCI Allenwood, 595 F. App'x 96 (3d Cir. 2014) (per curiam) (same); see also Hazel v. Smith, 142 F. App'x 131, 132 (3d Cir. 2005) (per curiam) ("claims of ineffective assistance of counsel ... place his petition squarely within the scope of § 2255") (citations omitted); Sedlak v. United States, No. 12-0285, 2012 WL 832984, at *3 (M.D. Pa. Feb. 14, 2012) ("Section 2241 is not available for [a federal prisoner's] ineffective assistance of counsel claim, as he has not demonstrated that Section 2255 is an inadequate or ineffective remedy") (quoting Piggee v. Bledsoe, 412 F. App'x 443, 446 (3d Cir. 2011) (per curiam)) (other citations omitted).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court will not

6

transfer the Petition to the Fourth Circuit for its consideration as a request to file a second or successive § 2255 motion because that court has already previously rejected the ineffective assistance of counsel claims presented in this Petition.[1]  Accordingly, the Petition will be dismissed for lack of jurisdiction.

**III. CONCLUSION**

　　For the foregoing reasons, the Court will dismiss the Amended Petition for lack of jurisdiction.  An appropriate order follows.


Dated: October 27, 2017　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court's decision not to transfer the instant Petition does not preclude Petitioner from filing a request with the Fourth Circuit on his own.